**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHAWN GOWDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No.   11-cv-1304 |
| CITY OF CHICAGO, a municipal corporation, ) | |
| the CITY OF CHICAGO DEPARTMENT OF ) | Judge Der-Yeghiayan |
| ADMINISTRATIVE HEARINGS, MUNICIPAL ) | |
| HEARINGS   DIVISION, SCOTT V. BRUNER, ) | |
| Director of the City of Chicago Department of ) | |
| Administrative Hearings, the CITY OF CHICAGO ) | |
| DEPARTMENT OF POLICE, and JODY P. WEIS, ) | |
| Superintendent of the City of Chicago Department ) | |
| of Police, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR ADMINISTRATIVE REVIEW,
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff Shawn Gowder, for his complaint against defendants The City of Chicago, a Municipal Corporation; the City of Chicago Department of Administrative Hearings, Municipal Hearings Division; Scott V. Bruner, Director of the City of Chicago Department of Administrative Hearings; the City of Chicago Department of Police; and Jody P. Weis, Superintendant of the City of Chicago Department of Police, states as follows:

**INTRODUCTION**

1.     This is an action for administrative review brought to vindicate plaintiff's constitutional rights under the Second and Fourteenth Amendments to the United States Constitution and Article I, Section 22 of the Illinois Constitution, which were unlawfully infringed by the defendants when they denied plaintiff's application for a Chicago Firearm Permit ("CFP") pursuant Section 8-20-110 of the Chicago Municipal Code ("MCC").  This action seeks relief in

the form of a reversal of the decision of the Chicago Department of Administrative Hearings affirming the denial of plaintiff's application for a CFP; a declaratory judgment that defendants have violated plaintiff's Federal and State Constitutional rights and that MCC Section 8-20-110 is unconstitutional on its face and as applied to plaintiff; and a mandatory injunction requiring defendants to issue a CFP to plaintiff.

## PARTIES

2. Plaintiff Shawn Gowder is a resident of the City of Chicago.

3. Defendant City of Chicago is a political subdivision of the State of Illinois. Defendant City of Chicago Department of Administrative Hearings, Municipal Hearings Division is the administrative agency in which the hearing giving rise to this action occurred. Defendant City of Chicago Department of Police is an agency of the City of Chicago that denied plaintiff's application for a CFP, which denial was reviewed and affirmed by the Department of Administrative Hearings, as described more fully herein. Defendant Scott V. Bruner is Director of the City of Chicago Department of Administrative Hearings. Defendant Jody P. Weis is Superintendant of Police for the City of Chicago Department of Police.

## JURISDICTION and VENUE

4. This Court has jurisdiction of this claim under the Illinois Administrative Review Law, 735 ILCS 5/3-101 *et seq*. Plaintiff's Federal and State Constitutional claims arise out of, and are inextricably intertwined with, plaintiff's administrative review claim to review the denial of plaintiff's application for a CFP, and this court has jurisdiction over those claims pursuant to 735 ILCS 5/2-701; Article 6, Section 9 of the Illinois Constitution, ILCS Const. Art. 6, § 9; and U.S. Const. Amend. II and XIV.

5. This action is brought pursuant to the Illinois Administrative Review Law, 735 ILCS 5/3-101 *et seq.*, and 42 U.S.C. § 1983. Venue is proper in this circuit under 735 ILCS

5/2-101 and 2-103.

## BACKGROUND

6. On June 28, 2010, the Supreme Court of the United States held in *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), that the Second Amendment right to keep and bear arms restrains state and local governments through incorporation in the Fourteenth Amendment. The Supreme Court remanded the case for the lower courts to apply the Second Amendment to the challenged Chicago ordinance that effectively banned private ownership of handguns within the city. In anticipation that the ordinance challenged in *McDonald* would be struck down, the City Council of Chicago, on July 2, 2010, amended the Municipal Code of Chicago as it pertains to firearms. The newly enacted firearms ordinance is codified as Municipal Code of Chicago ("MCC") Chapter 8-20, and is attached hereto as Exhibit A.

7. Pursuant to MCC § 8-20-110(a), it is unlawful for any person to carry or possess a firearm in Chicago without a Chicago Firearm Permit ("CFP"). MCC § 8-20-110(b) provides that no CFP application shall be approved unless the applicant, *inter alia*, "has not been convicted by a court in any jurisdiction of. . . an unlawful use of a weapon that is a firearm." MCC § 8-20-110(b)(3)(iii).

8. MCC § 8-20-010 contains the Definitions applicable to Chapter 8-20. Neither that Section nor any other provision of MCC Chapter 8-20 defines the term "use."

9. Plaintiff Shawn Gowder lives in a high-crime area of Chicago, in which violent crimes, including drive-by and gang-related shootings, home invasions, rapes, murders, armed robberies, and other violent crimes, are frequent. He is greatly concerned for his own safety and the safety of his family, and wishes to keep a handgun in his home for self-defense.

10. At all times relevant hereto, plaintiff held and still holds a valid Illinois Firearm Owner's Identification Card ("FOID Card") issued by the Illinois State Police, pursuant to the

Illinois Firearm Owner's Identification Card Act, 430 ILCS 65/1 *et seq.*

11. On November 1, 2010, plaintiff filed an application for a CFP with the City of Chicago Department of Police. A true and correct copy of plaintiff's CFP application is attached hereto as Exhibit B. A copy of plaintiff's valid and current FOID Card was attached to plaintiff's CFP application, and appears at page 3 of Exhibit B.

12. Plaintiff has never been convicted of a felony in any jurisdiction. Plaintiff has one misdemeanor conviction, entered in 1995, for carrying/possessing a firearm on a public street in violation of 720 ILCS 5/24-1(a)(10). Plaintiff is eligible to possess and receive firearms under the laws of Illinois and the United States.

13. On November 10, 2010, the City of Chicago Department of Police denied plaintiff's application for a CFP on the sole ground that "You have been convicted by a court in any jurisdiction of an unlawful use of a weapon that is a firearm. See Municipal Code of Chicago 8-20-110(b)(3)(iii)." A true and correct copy of the denial letter served upon plaintiff by the Department of Police is attached hereto as Exhibit C.

14. On November 22, 2010, plaintiff filed a written request for a hearing to contest the denial of his CFP application with the Chicago Department Administrative Hearings, pursuant to MCC § 8-20-200. A true and correct copy of plaintiff's written request for an administrative hearing is attached hereto as Exhibit D.

15. The Department of Administrative Hearings scheduled a hearing on the denial of plaintiff's CFP application for November 24, 2010. The hearing was continued at plaintiff's request, without objection by the City of Chicago, to December 8, 2010, and proceeded on that date.

16. At the December 8, 2010 hearing, plaintiff submitted a written brief in support of

his position, as well as oral argument of counsel. Plaintiff argued that because the term "use" is not defined in MCC Chapter 8-20, that term must be given its plain and ordinary meaning in the law of operating, discharging, or actively employing a firearm, rather than merely carrying or possessing a firearm; therefore, plaintiff's prior conviction for carrying/possessing a firearm on a public street did not constitute a conviction for the unlawful "use" of a weapon within the meaning of MCC § 8-20-110(b)(3)(iii). Plaintiff further argued that a prior misdemeanor conviction, as opposed to a felony conviction, cannot form a basis for denial of the fundamental constitutional right to keep and bear arms. Thus, the denial of plaintiff's CFP application, based solely on a prior misdemeanor conviction for carrying/possessing a weapon in a public street, violated plaintiff's fundamental right to keep and bear arms under the Second and Fourteenth Amendments to the U.S. Constitution. Accordingly, MCC § 8-20-110(b)(3)(iii), on its face and as applied, was unconstitutional and void.

17. On or about December 16, 2010, plaintiff received in the mail a Decision issued by the Chicago Department of Administrative Hearings, which was dated "November 9, 2010." No certificate of service was included with this Decision, and the postmark on the envelope was illegible, so that plaintiff could not determine when it was served upon him. A copy of this Decision is attached hereto as Exhibit E. The Decision affirmed the denial of plaintiff's CFP application, but because it was dated a month before the hearing took place, plaintiff's counsel requested clarification from the Department as to what date the Decision was actually issued and served. The Department advised plaintiff's and Chicago's counsel that it would have the Administrative Law Judge re-issue the Decision, and would send it to counsel once this had occurred. A true and correct copy of the email correspondence between counsel for plaintiff and Chicago, and the Senior Administrative Law Judge of the Department, Michele McSwain, dated

December 17, 2010, is attached hereto as Exhibit F. Plaintiff's counsel subsequently received by certified mail a second Decision, dated "12/8/10." This second Decision arrived in an envelope postmarked December 22, 2010. True and correct copies of the second Decision dated 12/8/10, and the envelope postmarked December 22, 2010, are attached hereto as Exhibits G and H, respectively.

18. Both copies of the Decision state the following reasons for affirming the denial of plaintiff's CFP application (numbered as they appear in the Decision):

> 6. 720 ILCS 5/24-1(a)(1) provides as follows:
>
> (a) A person commits the offense of unlawful use of a weapon when he knowingly: . . .
>
> (10) Carries or possesses on or about his person, upon any public street, alley, or other public lands within the corporate limits of a city, village or other incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his land or in his abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm. . .
>
> 7. The provisions of 720 ILCS 5/24-1(a)(10) is [sic] clear as to what constitutes an unlawful use of a weapon.
>
> 8. The plain and ordinary meaning and usage given to "unlawful use of a weapon" in this jurisdiction is to "carry or possess a firearm" as provided in 720 ILCS 5/24-1(a)(10).
>
> 9. There is no distinction between the meanings of "use of a weapon" and "carry and possess a firearm["] as used in MCC 8-20-110.
>
> 10. The basis for the denial of the application has not been rebutted by the Applicant.
>
> 11. The denial by the Chicago Police Department of the Applicant's application for a CFP is affirmed.
>
> 12. This body does not have jurisdiction to hear Constitutional issues raised by the Applicant.


13. Pursuant to Section 2-14-102 of the Chicago Municipal Code, this final decision is subject to review under the Illinois Administrative Review Act.

Exh. E, p. 2 at paragraphs 6-13; Exh. G, p. 2 at paragraphs 6-13.

19. Plaintiff has timely filed this action seeking judicial review of the Decision within 35 days from the date a copy of the Decision was served upon the plaintiff, pursuant to Section 3-103 of the Illinois Administrative Review law, 735 ILCS 5/3-103.

## COUNT I --
## JUDICIAL REVIEW UNDER ILLINOIS ADMINISTRATIVE REVIEW LAW
### (735 ILCS 5/3-101 *et seq.*)

20. Paragraphs 1-19 are incorporated herein by reference.

21. The Chicago Department of Administrative Hearings' construction and interpretation of MCC § 8-20-110(b)(3)(iii) to bar issuance of a CFP for a misdemeanor conviction for carrying/possessing a firearm in a public place, on the basis that this constituted "an unlawful use of a weapon that is a firearm," is a clearly erroneous interpretation of the ordinance that raises a substantial constitutional question, and results in an impermissible infringement of plaintiff's fundamental constitutional right to keep and bear arms.

22. The decision of the Chicago Department of Police denying plaintiff's application for a CFP, and the Decision of the Chicago Department of Administrative Hearings affirming that ruling, should therefore be reversed pursuant to Section 3-111 of the Illinois Administrative Review Law, 735 ILCS 5/3-111.

23. The plaintiff has exhausted all available remedies under the Illinois Administrative Review law, and the Decision of the Chicago Department of Administrative Hearings expressly states that it is a final decision subject to review under the Illinois Administrative Review Act, pursuant to Section 2-14-102 of the Chicago Municipal Code.

24. Pursuant to Section 3-108 of the Illinois Administrative Review Law, 735 ILCS 5/3-108, the defendants are requested to file with the Court as part of their answer hereto a certified copy of the complete record of proceedings in the Department of Administrative Hearings, including the transcript of the evidence, the report of proceedings, and all exhibits and submissions by the parties.

WHEREFORE, plaintiff prays that the Court enter judgment reversing the decision of the Chicago Department of Administrative Hearings, ordering the Chicago Department of Police to issue a Chicago Firearm Permit to plaintiff, and granting such other and further relief as the Court deems equitable and proper, consistent with Section 3-111 of the Illinois Administrative Review Law, 735 ILCS 5/3-111.

### COUNT II – DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
### (U.S. CONST., AMENDS. II AND XIV, 42 U.S.C. § 1983)

25. The preceding paragraphs are incorporated herein by reference.

26. The denial of plaintiff's CFP application effectively denies plaintiff the right to own and keep a handgun or any other firearm for self-defense in his home in the City of Chicago, because MCC § 8-20-110 makes it unlawful for any person to carry or possess a firearm without a CFP.

27. The denial of plaintiff's CFP application has deprived plaintiff of the fundamental right under the Second and Fourteenth Amendments to the U.S. Constitution to keep a handgun in his home in Chicago for self-defense.

28. MCC § 8-20-110(b)(3)(iii), both on its face and as applied to plaintiff, therefore infringes on plaintiff's right to keep and bear arms in violation of the Second and Fourteenth Amendments to the U.S. Constitution, and is void.

29. The defendants' denial of plaintiff's CFP application constitutes a deprivation of

plaintiff's fundamental constitutional right to keep and bear arms under color of law.

WHEREFORE, plaintiff prays that the Court enter judgment in his favor and against defendants, as follows:

(A)  Declaring that MCC § 8-20-110 (b)(3)(iii), on its face and as applied, violates plaintiff's constitutional right to keep and bear arms under the Second and Fourteenth Amendments to the U.S. Constitution, and is void;

(B)  Declaring that the denial of plaintiff's application for a Chicago Firearm Permit violates plaintiff's constitutional right to keep and bear arms under the Second and Fourteenth Amendments to the U.S. Constitution;

(C)  Granting a mandatory injunction requiring defendants to issue a Chicago Firearm Permit to plaintiff;

(D)  Awarding plaintiff his reasonable attorney's fees and costs; and

(E)  Awarding such other and further relief as may be equitable and proper.

### COUNT III – DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
### ILLINOIS CONST. ART. I, § 22

30.  The preceding paragraphs are incorporated herein by reference.

31.  Article I, § 22 of the Illinois Constitution provides:  "Subject only to the police power, the right of the individual citizen to keep and bear arms shall not be infringed."  Ill. Const. 1970, Art. I, § 22.

32.  The denial of plaintiff's CFP application effectively denies plaintiff the right to own and keep a handgun or any other firearm for self-defense in his home in the City of Chicago, because MCC § 8-20-110 makes it unlawful for any person to carry or possess a firearm without a CFP.

33.  MCC § 8-20-110(b)(3)(iii), both on its face and as applied to plaintiff, therefore

infringes on plaintiff's right to keep and bear arms in violation of Article I, § 22 of the Illinois Constitution, and is void.

34. The denial of plaintiff's CFP application violates plaintiff's right to keep and bear arms under Article I, § 22 of the Illinois Constitution, and must be reversed.

WHEREFORE, plaintiff prays that the Court enter judgment in his favor and against defendants, as follows:

(A) Declaring that MCC § 8-20-110 (b)(3)(iii), on its face and as applied, violates plaintiff's constitutional right to keep and bear arms under Article I, § 22 of the Illinois Constitution, and is void;

(B) Declaring that the denial of plaintiff's application for a Chicago Firearm Permit violates plaintiff's constitutional right to keep and bear arms under Article I, § 22 of the Illinois Constitution;

(C) Granting a mandatory injunction requiring defendants to issue a Chicago Firearm Permit to plaintiff;

(D) Awarding plaintiff his reasonable attorney's fees and costs; and

(E) Awarding such other and further relief as may be equitable and proper.

Respectfully submitted,

**s/ Stephen A. Kolodziej**
Stephen A. Kolodziej
**Brenner, Ford, Monroe & Scott, Ltd.**
33 North Dearborn Street, Suite 300
Chicago, Illinois 60602
Tel.: (312) 781-1970
Fax: (312-781-9202
skolodziej@brennerlawfirm.com