# EXHIBIT A

| Municipal Code of Chicago |
|---|
| TITLE 8 OFFENSES AFFECTING PUBLIC PEACE, MORALS AND WELFARE |
|   CHAPTER 8-20 WEAPONS |

# ▣CHAPTER 8-20
# WEAPONS

## Article I. Definitions

**8-20-010**    **Definitions.**

### Article II. Possession of Firearms

**8-20-020**    **Unlawful possession of handguns.**

**8-20-030**    **Unlawful possession of long guns.**

**8-20-035**    **Unlawful possession of unregisterable firearms.**

**8-20-040**    **Firearms kept or maintained in a home.**

**8-20-050**    **Firearms – Protection of minors.**

**8-20-060**    **Possession of a laser sight accessory, firearm silencer or muffler.**

**8-20-070**    **Unlawful firearm, laser sight accessory, or firearm silencer or muffler in a motor vehicle – Impoundment.**

**8-20-080**    **Possession of ammunition.**

**8-20-085**    **High capacity magazines and metal piercing bullets – Sale and possession prohibited – Exceptions.**

**8-20-090**    **Interstate transportation of firearms.**

**8-20-100**    **Permissible sales and transfers of firearms and ammunition.**

### Article III. Permits for and Registration of Firearms

**8-20-110**    **CFP – Required.**

**8-20-120**    **CFP – Application.**

**8-20-130**    **CFP card – Fee and expiration.**

**8-20-140**    **Firearm registration certificate – Required.**

**8-20-145**    **Registration certificates – Expiration.**

**8-20-150**    **Application fees.**

**8-20-160**   Restrictions on issuance of registration certificates.

**8-20-170**   Unregisterable firearms.

**8-20-180**   CFP and registration certificate – General provisions.

**8-20-185**   Additional duties.

**8-20-190**   Denials and revocations.

**8-20-200**   Procedure for denial.

**8-20-210**   Automatic revocation of registration certificates.

**Article IV.  Miscellaneous Provisions**

**8-20-220**   False information – Forgery – Alteration.

**8-20-230**   Notice.

**8-20-240**   Posting of unsafe handguns.

**8-20-250**   Seizure and forfeiture of firearms, ammunition, laser sight accessories and firearm silencers and mufflers – Authority and destruction.

**8-20-260**   Rules and regulations.

**8-20-270**   Acquisition or possession prohibited by law.

**8-20-280**   Prohibition on shooting galleries and target ranges.

**8-20-290**   Severability.

**Article V. Violation of Chapter Provisions**

**8-20-300**   Violation – Penalty.

---

# ARTICLE I.  DEFINITIONS

### 8-20-010  Definitions.

For purposes of this chapter the following terms shall apply:

"The Act" means the Illinois Firearm Owners Identification Card Act, 430 ILCS 65/1 et seq., as amended.

"Ammunition" means any self-contained cartridge or shotgun shell, by whatever name known, which is designed to be used or adaptable to use in a firearm; excluding however:

(1)    any ammunition used exclusively for line-throwing, signaling, or safety and required or recommended by the United States Coast Guard or Interstate Commerce Commission; or

(2)    any ammunition designed exclusively for use with a stud or rivet driver or other similar industrial ammunition.

"Antique firearm" has the same meaning ascribed to that term in 18 U.S.C. § 921(a)(16).

"Assault weapon" means:

(1)    A semiautomatic rifle that has the ability to accept a detachable magazine and has one or more of the following:

    (i)      a folding or telescoping stock

    (ii)     a handgun grip which protrudes conspicuously beneath the action

    (iii)    a bayonet mount

    (iv)    a flash suppressor or a barrel having a threaded muzzle

    (v)     a grenade launcher; or

(2)    A semiautomatic shotgun that has one or more of the following:

    (i)      a folding or telescoping stock

    (ii)     a handgun grip which protrudes conspicuously beneath the action

    (iii)    a fixed magazine capacity in excess of 5 rounds

    (iv)    an ability to accept a detachable magazine; or

(3)    A semiautomatic handgun that has an ability to accept a detachable magazine and has one or more of the following:

    (i)      an ammunition magazine that attaches to the handgun outside the handgun grip

    (ii)     a barrel having a threaded muzzle

    (iii)    a shroud that is attached to, or partially or completely encircles the barrel, and permits the shooter to hold the firearm with the non-trigger hand without being burned

    (iv)    a manufactured weight of 50 ounces or more when the handgun is unloaded

    (v)     a semiautomatic version of an automatic firearm.

"Chicago Firearm Permit" or "CFP" means the permit issued by the City which allows a person to possess a firearm.

"Corrections officer" means wardens, superintendents and keepers of prisons, penitentiaries, jails and other institutions for the detention of persons accused or convicted of an offense.

"Department" means the department of police.

"Dwelling unit" has the same meaning ascribed to that term in section 17-17-0248.

"Duty-related firearm" shall mean any firearm which is authorized by any law enforcement agency or employer to be utilized by their personnel in the performance of their official duties.

"Firearm" means any device, by whatever name known, which is designed or restored to expel a projectile or projectiles by the action of any explosive, expansion of gas or escape of gas. Provided, that such term shall not include:

(1)    any pneumatic gun, spring gun, paint ball gun or B-B gun which either expels a single globular projectile not exceeding .18 inch in diameter and which has a maximum muzzle velocity of less than 700 feet per second or breakable paint balls containing washable marking colors;

(2)    any device used exclusively for line- throwing, signaling, or safety and required or recommended by the United States Coast Guard or Interstate Commerce Commission; or

(3)    any device used exclusively for firing explosives, rivets, stud cartridges, or any similar industrial ammunition.

"Firearm case" means any firearm case, carrying box, shipping box or other similar container that is designed for the safe transportation of the firearm.

"FOID" means the Firearm Owner's Identification Card issued pursuant to the Act.

"Handgun" means a firearm designed to be held and fired by the use of a single hand, and includes a combination of parts from which such firearm can be assembled.

"High capacity magazine" means any ammunition magazine having a capacity of more than 12 rounds of ammunition.

"Home" means the inside of a person's dwelling unit which is traditionally used for living purposes, including the basement and attic. A "home" does not include: (i) any garage, including an attached garage, on the lot; (ii) any space outside the dwelling unit, including any stairs, porches, back, side or front yard space, or common areas; or (iii) any dormitory, hotel, or group living, as that term is defined in section 17-17-0102-A.

"Laser sight accessory" means a laser sighting device which is either integrated into a firearm or capable of being attached to a firearm.

"Lawful transportation" means the transportation of a firearm by a person:

(1)    in compliance with section 8-20-090; or

(2)    who has a valid FOID card, a CFP and firearm registration certificate, if applicable, and the firearm is:

    (i)     broken down in a nonfunctioning state;

    (ii)    not immediately accessible; and

    (iii)    unloaded and in a firearm case.

"Long gun" means any firearm, other than a handgun.

"Machine gun" means any firearm which can fire multiple rounds of ammunition by a single function of the firing device or one press of the trigger.

"Metal piercing bullet" means any bullet that is manufactured with other than a lead or lead alloy core, or ammunition of which the bullet itself is wholly composed of, or machined from, a metal or metal alloy other than lead, or any other bullet that is manufactured to defeat or penetrate bullet resistant properties of soft body armor or any other type of bullet resistant clothing which meets the minimum requirements of the current National Institute for Justice Standards for "Ballistic Resistance of Police Body Armor."

"Organization" means partnership, company, corporation or other business entity, or any group or association of two or more persons united for a common purpose.

"Peace officer" means any person who by virtue of his office or public employment is vested by law with a duty to maintain public order or make arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses.

"Retired department police officer" means a person who is retired from the department in good standing and without any disciplinary charges pending, and who is, or is eligible to become, an annuitant of the Policemen's Annuity and Benefit Fund of the City of Chicago.

"Sawed-off shotgun" means a shotgun having one or more barrels less than 18 inches in length and any weapon made from a shotgun, whether by alteration, modification or otherwise, if such weapon, as modified, has an overall length of less than 26 inches.

"Security personnel" means special agents employed by a railroad or public utility to perform police functions, guards of armored car companies, watchmen, security guards or persons regularly employed in a commercial or industrial operation for the protection of persons employed by, or property related to, such commercial or industrial operation; and watchmen while in the performance of the duties of their employment.

"Short-barreled rifle" means a rifle having one or more barrels less than 16 inches in length, and any weapon made from a rifle, whether by alteration, modification, or otherwise, if such weapon, as modified, has an overall length of less than 26 inches.

"Superintendent" means the superintendent of the department or his designated representative.

"Safety mechanism" means a design adaption or nondetachable accessory that lessens the likelihood of unanticipated use of the handgun.

"Trigger lock" means a device that when locked in place by means of a key, prevents a potential user from pulling the trigger of the firearm without first removing the trigger lock by use of the trigger lock's

key.

"Unregistrable firearm" means any firearm listed in section 8-20-170.

"Unsafe handgun" means any handgun that is listed on the superintendent's roster of unsafe handguns because, in the determination of the superintendent, the handgun is unsafe due to its size, ability to be concealed, detectability, quality of manufacturing, quality of materials, ballistic accuracy, weight, reliability, caliber, or other factors which makes the design or operation of the handgun otherwise inappropriate for lawful use.

"Violent crime" has the same meaning ascribed to that term in the Rights of Crime Victims and Witnesses Act, 725 ILCS 120/1, et seq., as amended.

(Added Coun. J. 7-2-10, p. 96234, § 4)

---

# ARTICLE II. POSSESSION OF FIREARMS

### 8-20-020 Unlawful possession of handguns.

(a)    It is unlawful for any person to carry or possess a handgun, except when in the person's home.

(b)    The provisions of this section shall not apply to:

(1)    peace officers, and any person summoned by a peace officer to assist in making arrests or preserving the peace, while assisting such officer;

(2)    corrections officers while in the performance of their official duty, or while commuting between their homes and places of employment;

(3)    members of the Armed Services or Reserve Forces of the United States or the Illinois National Guard or the Reserve Officers Training Corps, while in the performance of their official duty;

(4)    security personnel;

(5)    persons licensed as private security contractors, private detectives, or private alarm contractors, or employed by an agency certified by the Illinois Department of Professional Regulation;

(6)    persons regularly employed in a commercial or industrial operation as a security guard for the protection of persons employed and private property related to such commercial or industrial operation, while in the performance of their duties or traveling between sites or properties belonging to the employer, and who, as a security guard, is registered with the Illinois Department of Professional Regulation;

(7)    persons employed by a financial institution for the protection of other employees and property related to such financial institution, while in the performance of their duties, commuting between their homes and places of employment, or traveling between sites or properties owned or operated by such financial institution;

(8)    persons employed by an armored car company to drive an armored car, while in the

performance of their duties;

(9)     persons who have been classified as peace officers pursuant to the Peace Officer Fire Investigation Act;

(10)     investigators of the Office of the State's Attorneys Appellate Prosecutor authorized by the board of governors of the Office of the State's Attorneys Appellate Prosecutor to carry weapons pursuant to Section 7.06 of the State's Attorneys Appellate Prosecutor's Act;

(11)     special investigators appointed by a State's Attorney under Section 3-9005 of the Counties Code;

(12)     probation officers while in the performance of their duties, or while commuting between their homes, places of employment or specific locations that are part of their assigned duties, with the consent of the chief judge of the circuit for which they are employed;

(13)     court security officers while in the performance of their official duties, or while commuting between their homes and places of employment, with the consent of the sheriff;

(14)     persons employed as an armed security guard at a nuclear energy, storage, weapons or development site or facility regulated by the Nuclear Regulatory Commission who have completed the background screening and training mandated by the rules and regulations of the Nuclear Regulatory Commission;

(15)     duly authorized military or civil organizations while parading, with the special permission of the Governor;

(16)     persons engaged in the manufacture, transportation, or sale of firearms to persons authorized under this subsection to possess those firearms;

(17)     a person while engaged in the lawful transportation of a firearm.

(Added Coun. J. 7-2-10, p. 96234, § 4)

## 8-20-030  Unlawful possession of long guns.

(a)     It is unlawful for any person to carry or possess a long gun, except when in the person's home or fixed place of business.

(b)     The provisions of this section shall not apply to:

(1)     any person listed in section 8-20-020(b); or

(2)     any duly licensed hunter who has a valid FOID card, a CFP and firearm registration certificate, while engaged in hunting in an area where hunting is permitted.

(Added Coun. J. 7-2-10, p. 96234, § 4)

## 8-20-035  Unlawful possession of unregisterable firearms.

(a)     It is unlawful for any person to carry or posses any unregisterable firearm.

(b)     The provisions of this section shall not apply to corrections officers, members of the armed forces of the United States, or the organized militia of this or any other state, and peace officers, to the extent that any such person is otherwise authorized to acquire or possess assault weapons, and is acting within the scope of his duties, or to any person while engaged in the manufacturing, transportation or sale of assault weapons to people authorized to possess them under this section.

(c)     Notwithstanding the provisions of subsection (a), those firearms listed in section 8-20-170(a) may be possessed and used by the department for training and tactical operation, as authorized by the superintendent.

(d)     Any firearm carried or possessed in violation of this section is hereby declared to be contraband and shall be seized by and forfeited to the city.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-040  Firearms kept or maintained in a home.

Subject to section 8-20-050, every person who keeps or possesses a firearm in his home shall keep no more than one firearm in his home assembled and operable.  If more than one person in the home has a valid CFP and registration certificate, each person with a valid CFP and registration certificate is entitled to have one such firearm assembled and operable in the home.  All other firearms kept or possessed by that person in his home shall be broken down in a nonfunctioning state or shall have a trigger lock or other mechanism, other than the firearm safety mechanism, designed to render the firearm temporarily inoperable.

The provisions of this section shall not apply to peace officers.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-050  Firearms – Protection of minors.

(a)     It is unlawful for any person to keep or possess any firearm or ammunition in his home if the person knows or has reason to believe that a minor under the age of 18 years is likely to gain access to the firearm or ammunition, unless:

(1)     the person is physically present in the home and the firearm is either being held by the person or is physically secured on the person's body;

(2)     the firearm is secured by a trigger lock or other mechanism, other than the firearm safety mechanism, designed to render a firearm temporarily inoperable; or

(3)     the firearm and ammunition are placed in a securely locked box or container.

(b)     No person shall be punished for a violation of this section under the following circumstances:

(1)     if the minor gains access to the firearm and uses it in a lawful act of self-defense or defense of another; or

(2)     if the minor gains access to the firearm because of an unlawful entry of the premises by the minor or another person.

The provisions of this section shall not apply to peace officers.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-060  Possession of a laser sight accessory, firearm silencer or muffler.

(a)    It is unlawful for any person to carry, possess, display for sale, sell or otherwise transfer any laser sight accessory, or a firearm silencer or muffler.

(b)    The provisions of this section shall not apply to any members of the armed forces of the United States, or the organized militia of this or any other state, or peace officers, to the extent that any such person is otherwise authorized to acquire or possess a laser sight accessory, or firearm silencer or muffler, and is acting within the scope of his duties.

(c)    Any laser sight accessory, or firearm silencer or muffler, carried, possessed, displayed or sold in violation of this section is hereby declared to be contraband and shall be seized by and forfeited to the city.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-070  Unlawful firearm, laser sight accessory, or firearm silencer or muffler in a motor vehicle – Impoundment.

(a)    The owner of record of any motor vehicle that contains a firearm registered to a person who is not the driver or occupant of the vehicle, an unregistered firearm, a firearm that is not being lawfully transported, an unregisterable firearm, a laser sight accessory, or a firearm silencer or muffler, shall be liable to the city for an administrative penalty of $1,000.00 plus any towing and storage fees applicable under Section 9-92-080. Any such vehicle shall be subject to seizure and impoundment pursuant to this section.

(b)    Whenever a police officer has probable cause to believe that a vehicle is subject to seizure and impoundment pursuant to this section, the police officer shall provide for the towing of the vehicle to a facility controlled by the city or its agents. Before or at the time the vehicle is towed, the police officer shall notify any person identifying himself as the owner of the vehicle at the time of the alleged violation, of the fact of the seizure and of the vehicle owner's right to request a vehicle impoundment hearing to be conducted under Section 2-14-132 of this Code.

(c)    The provisions of Section 2-14-132 shall apply whenever a motor vehicle is seized and impounded pursuant to this section.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-080  Possession of ammunition.

(a)    It is unlawful for any person to carry or possess any ammunition in the city, unless the person:

(1)    has a valid CFP and registration certificate for a firearm of the same gauge or caliber as the ammunition possessed, and while in possession of the ammunition, has the CFP and registration certificate in his possession when he is not in his home, or, when he is in his home, has the CFP and registration certificate readily available in his home; or

(2)     is a licensed weapons dealer; or

(3)     is a person listed in section 8-20-020(b).

(b)     Any ammunition carried or possessed in violation of this section is hereby declared to be contraband and shall be seized by and forfeited to the city.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-085  High capacity magazines and metal piercing bullets – Sale and possession prohibited – Exceptions.

(a)     It is unlawful for any person to carry, possess, sell, offer or display for sale, or otherwise transfer any high capacity magazine or metal piercing bullets. This section shall not apply to corrections officers, members of the armed forces of the United States, or the organized militia of this or any other state, and peace officers, to the extent that any such person is otherwise authorized to acquire or possess metal piercing bullets, and is acting within the scope of his duties, or to any person while in the manufacturing, transportation or sale of high capacity magazines or metal piercing bullets to people authorized to possess them under this section.

(b)     Any high capacity magazine or metal piercing bullets carried, possessed, displayed, sold or otherwise transferred in violation of this section is hereby declared to be contraband and shall be seized by and forfeited to the city.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-090  Interstate transportation of firearms.

It shall not be a violation of this chapter if a person transporting a firearm or ammunition while engaged in interstate travel is in compliance with 18 U.S.C.A. § 926A. There shall be a rebuttable presumption that any person within the city for more than 24 hours is not engaged in interstate travel, and is subject to the provisions of this chapter.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-100  Permissible sales and transfers of firearms and ammunition.

(a)     Except as authorized by subsection (e) and section 2-84-075, no firearm may be sold, acquired or otherwise transferred within the city, except through inheritance of the firearm.

(b)     No ammunition may be sold or otherwise transferred within the city, except through a licensed weapons dealer, or as otherwise allowed by this code.

(c)     No firearm or ammunition shall be security for, or be taken or received by way of any mortgage, deposit, pledge or pawn.

(d)     No person may loan, borrow, give or rent to or from another person, any firearm or ammunition except in accordance with this chapter.

(e)     Notwithstanding any other provision of this section, a peace officer may sell or transfer any lawfully held firearm or ammunition to another peace officer in accordance with the other provisions of

this chapter.

(Added Coun. J. 7-2-10, p. 96234, § 4)

## ARTICLE III.  PERMITS FOR AND REGISTRATION OF FIREARMS

### 8-20-110  CFP – Required.

(a)    Subject to subsection (d), it is unlawful for any person to carry or possess a firearm without a CFP.

(b)    No CFP application shall be approved unless the applicant:

(1)    is 21 years of age or older; provided that an application of a person 18 years or older but less than 21 may be approved if the person has the written consent of his parent or legal guardian to possess and acquire a firearm or firearm ammunition and that he has never been convicted of a misdemeanor, other than a traffic offense or adjudged a delinquent; provided that such parent or legal guardian is not an individual prohibited from having a FOID or CFP, and that the parent files an affidavit with the department attesting that the parent is not an individual prohibited from having a FOID or CFP;

(2)    possesses a valid Illinois FOID;

(3)    has not been convicted by a court in any jurisdiction of:

(i)    a violent crime,

(ii)    two or more offenses for driving under the influence of alcohol or other drugs; or

(iii)    an unlawful use of a weapon that is a firearm;

(4)    has vision better than or equal to that required to obtain a valid driver's license under the standards established by the Illinois Vehicle Code;

(5)    is not otherwise ineligible to possess a firearm under any federal, state or local law, statute or ordinance; and

(6)    has not been convicted, adjudicated, admitted to, or found liable for a violation of section 8-20-060 or 8-20-100.

(c)    Each CFP issued shall be accompanied by a copy of this ordinance.

(d)    Any person who has a valid firearm registration certificate issued before the effective date of this 2010 ordinance shall be exempted from acquiring a CFP until the expiration of the registration certificate; provided that upon the expiration of the registration certificate, the person shall be required to obtain a CFP. Any such person who has submitted an application for a CFP prior to or on the date of the expiration of his current registration certificate shall be deemed to be in compliance with the requirement for a CFP while his application is pending.

(e)    The provisions of this section shall not apply to any person listed in section 8-20-020(b)(1) –

(16) or a person engaged in interstate travel in compliance with section 8-20-100.

(Added Coun. J. 7-2-10, p. 96234, § 4)

## 8-20-120 CFP – Application.

(a)     An applicant for a CFP shall submit an application to the superintendent on a form or in a manner prescribed by the superintendent.  The application shall include the following:

(1)     name, residential address and telephone number of the applicant;

(2)     the applicant's date of birth and sex;

(3)     the applicant's Illinois firearm owner's identification number and a copy of the applicant's FOID card;

(4)     evidence that the applicant meets the criteria of section 8-20-110;

(5)     two identical photographs of the applicant taken within 30 days immediately prior to the date of filing the application, equivalent to passport size, showing the full face, head and shoulders of the applicant in a clear and distinguishing manner;

(6)     the applicant's Illinois driver's license number and a copy of the applicant's driver's license or Illinois identification card;

(7)     an affidavit signed by a firearm instructor certified by the State of Illinois to provide firearm training courses attesting that the applicant has completed a firearm safety and training course, which, at a minimum, provides one hour of range training and four hours of classroom instruction that is in compliance with the requirements of the classroom instruction course, as established in rules and regulations; and

(8)     any other information as the superintendent shall find reasonably necessary to effectuate the purpose of this chapter and to arrive at a fair determination as to whether the terms of this chapter have been complied with.

The superintendent shall be the custodian of all applications for CFPs under this chapter.

(b)     The applicant shall submit to fingerprinting in accordance with procedures established in rules and regulations promulgated by the superintendent.

(c)     For an application for a CFP submitted within 180 days of the effective date of this 2010 ordinance, the superintendent shall either approve or deny such application no later than 120 days after the date the application is submitted, unless good cause is shown. For an application for a CFP submitted thereafter, the superintendent shall either approve or deny an application within 45 days from the date the application is submitted, unless good cause is shown.  An application shall not be deemed submitted until the applicant provides all the required information or documentation.

(d)     All CFPs issued by the superintendent shall contain the applicant's name, date of birth, sex, and signature.  Each CFP shall have the expiration date boldly and conspicuously displayed on the face of the CFP.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-130  CFP card – Fee and expiration.

(a)    A CFP card shall expire 3 years after the date of issuance.

(b)    The fee shall be $100.00.

(c)    The CFP fee shall not be applicable to any resident of the city who is a retired department police officer.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-140  Firearm registration certificate – Required.

(a)    Subject to subsection (d), it is unlawful for any person to carry or possess a firearm without a firearm registration certificate.

(b)    No application for a registration certificate shall be approved unless the applicant has been issued a valid CFP; provided no CFP shall be required for the issuance of a registration certificate if the person is an exempt person pursuant to section 8-20-110(e).

(c)    An applicant for a registration certificate shall submit an application to the superintendent on a form or in a manner prescribed by the superintendent.  The application shall include the following:

(1)    name, telephone number and the address at which the firearm shall be located;

(2)    a copy of the applicant's CFP and Illinois FOID card;

(3)    the name of the manufacturer, the caliber or gauge, the model, type and the serial number identification of the firearm to be registered;

(4)    the source from which the firearm was obtained;

(5)    the address at which the firearm will be located;

(6)    if an antique firearm, the year of manufacture of the firearm;

(7)    the date the firearm was acquired; and

(8)    any other information as the superintendent shall find reasonably necessary to effectuate the purpose of this chapter and to arrive at a fair determination as to whether the terms of this chapter have been complied with.

The superintendent shall be the custodian of all applications for registration certificates under this chapter.

(d)    (1)    Subject to subsection (d)(2), an application for a registration certificate shall be submitted no later than 5 business days after a person takes possession within the city of a firearm from any source; provided that any applicant who has submitted a complete application within the required 5 business days shall be considered in compliance with this subsection until his registration certificate is

either approved or denied.

    (2)   Notwithstanding any provision of this chapter to the contrary, a person has 90 days after the effective date of this 2010 ordinance to register a firearm, including a handgun, which had not been previously registered; provided that the person and firearm meet all the requirements of this ordinance.

    (e)   For an application for a firearm registration certificate submitted within 180 days after the effective date of this 2010 ordinance, the superintendent shall either approve or deny such application no later than 45 days after the date the application is submitted. For an application for a firearm registration certificate submitted thereafter, the superintendent shall either approve or deny the application within 21 days of the submission of the application, unless good cause is shown. An application shall not be deemed submitted until the applicant provides all the required information or documentation.

    (f)   The provisions of this section shall not apply to:

    (1)   firearms owned or under the direct control or custody of any federal, state or local governmental authority maintained in the course of its official duties;

    (2)   duty-related firearms owned and possessed by peace officers who are not residents of the city;

    (3)   duty-related firearms owned or possessed by corrections officers and who are not residents of the city;

    (4)   firearms owned, manufactured or possessed by licensed manufacturers of firearms, bulk transporters or licensed sellers of firearms at wholesale or retail, provided that such persons have federal firearms license;

    (5)   any nonresident of the city participating in any lawful recreational firearm-related activity in the city, or on his way to or from such activity in another jurisdiction; provided that such firearm shall be (i) broken down in a nonfunctioning state; (ii) not immediately accessible; and (iii) unloaded and in a firearm case;

    (6)   persons licensed as private security contractors, security guards, private detectives, or private alarm contractors, or employed by an agency certified as such by the Department of Professional Regulation;

    (7)   duty-related firearms of investigators of the Office of the State's Attorneys Appellate Prosecutor authorized by the board of governors of the Office of the State's Attorneys Appellate Prosecutor to carry weapons pursuant to Section 7.06 of the State's Attorneys Appellate Prosecutor's Act;

    (8)   duty-related firearms of special investigators appointed by a State's Attorney under Section 3-9005 of the Counties Code;

    (9)   firearms being transported by a person engaged in interstate travel in compliance with section 8-20-100; or

    (10)   those persons summoned by a peace officer to assist in making an arrest or preserving the peace while actually engaged in assisting the peace officer.

(g)    Each registration certificate issued shall contain a unique registration certificate number, the person's name, the address at which the firearm will be located, and any other information the superintendent deems necessary to identify the person and the firearm.

(Added Coun. J. 7-2-10, p. 96234, § 4)

## 8-20-145  Registration certificates – Expiration.

(a)    A registration certificate issued prior to the effective date of this 2010 ordinance shall remain in effect until its expiration.

(b)    For registration certificates issued after the effective date of this 2010 ordinance, a registration certificate shall expire on the same date as the date of the expiration of the CFP issued to that person.

(c)    A person shall file an annual registration report with the superintendent on a form, and in a manner, prescribed by the superintendent. The annual registration report shall set forth such information as required by the superintendent in rules and regulations. If a person has multiple registration certificates, the superintendent may align the dates for the annual registration reports to the same reporting date and combine such annual registration reports into one report. Failure to file an annual registration report may result in revocation of a person's CFP or registration certificate, and may cause that firearm to become unregisterable to that person.

(Added Coun. J. 7-2-10, p. 96234, § 4)

## 8-20-150  Application fees.

(a)    A nonrefundable application fee of $15.00 shall be payable for each firearm registered. The fee shall accompany each initial application for a registration certificate.

(b)    Any person who files an annual registration report late shall pay a late filing fee of $60.00.

(c)    The application fee shall not be applicable to:

(1)    any duty-related firearm of a peace officer domiciled in the city, or

(2)    any duty-related firearm that was registered to that retired department police officer at the time of the his separation from active duty in the department.

(Added Coun. J. 7-2-10, p. 96234, § 4)

## 8-20-160  Restrictions on issuance of registration certificates.

(a)    Subject to subsections (b) and (c), the superintendent shall issue no more than one firearm registration certificate to a person for a handgun during any 30-day period; provided that the superintendent may permit a person first becoming a city resident to register more than one handgun if those handguns were lawfully owned in another jurisdiction for a period of 6 months prior to the date of application.

(b)    In addition to a registration certificate for a handgun pursuant to subsection (a), an applicant may be issued a registration certificate for:

(1)   any firearm possessed by an applicant that was lawfully registered on the date of the enactment of this ordinance;

(2)   any long gun which is eligible to be registered; or

(3)   any antique firearm, including antique handguns.

The burden of proving that a firearm is an antique firearm shall be on the applicant.

(c)   In addition to a registration certificate for a handgun pursuant to subsection (a), a retired department police officer may be issued a registration certificate for each duty-related handgun that was registered to that retired department police officer at the time of the his separation from active duty in the department.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-170  Unregisterable firearms.

No registration certificate shall be approved for any of the following types of firearms:

(a)   a sawed-off shotgun, .50 caliber rifle, machine gun, or short-barreled rifle;

(b)   an unsafe handgun;

(c)   a firearm that becomes unregisterable under the provisions of this chapter; provided that it shall only be unregistrerable for that person; or

(d)   assault weapons, unless they are owned by a person who is entitled to carry or possess them pursuant to section 8-20-035.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-180  CFP and registration certificate – General provisions.

(a)   After issuance of a CFP or a registration certificate to a person, the person shall examine the CFP or registration certificate to insure that the information thereon is correct.  If the information is incorrect in any respect, the person shall return it to the superintendent with a signed statement showing the nature of the error. The superintendent shall correct the error if it occurred as a result of the superintendent's administrative process.

In the event that the error resulted from incorrect information contained in the application, the person shall submit an amended application setting forth the correct information and a statement explaining the error in the original application.

(b)   A CFP and the registration certificate shall be valid only for the person to whom it was issued.

(c)   A registration certificate shall only be valid for the address on the registration certificate. Except in the lawful transportation of a firearm, a person shall not carry or possess any firearm at any location other than that authorized by the registration certificate.

(d)   A CFP or registration certificate shall not be subject to sale, assignment, or transfer, voluntary

or involuntary.

(e)    Any application for a CFP or a registration certificate shall be held in abeyance when there is a criminal proceeding for a violent crime, or an offense involving a weapon, or a proceeding to deny or revoke a CFP or firearm registration certificate pending against the person, until such proceeding has terminated.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-185  Additional duties.

(a)    Every person issued a CFP or a firearm registration certificate, in addition to any other requirements of this code, shall immediately notify the department in a manner prescribed by the superintendent of:

(1)    the destruction of his firearm, or when the person knows, or should have known, that his firearm is lost, stolen or otherwise missing;

(2)    the loss, theft or destruction of the CFP or registration certificate within 72 hours of the discovery of such loss, theft, or destruction;

(3)    a change in any of the information appearing on the CFP or firearm registration certificate;

(4)    the sale, transfer, inheritance, or other disposition of the firearm not less than 48 hours prior to delivery.

(b)    Every person issued a CFP or a firearm registration certificate, in addition to any other requirements of this code, shall:

(1)    immediately return to the superintendent his copy of the registration certificate for any firearm which is lost, stolen, destroyed or otherwise disposed of; and

(2)    keep all information current.  Any change in required information shall be reported, on a form and in manner prescribed by the superintendent, within 24 hours after the change.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-190  Denials and revocations.

(a)    An application for a CFP or a registration certificate shall be denied for any of the following reasons:

(1)    any of the eligibility criteria of this chapter are not currently met;

(2)    the firearm is an unregisterable firearm;

(3)    the information furnished on or in connection with the application for a CFP or a registration certificate is false or misleading; or

(4)    the person fails to respond to any additional information, or investigation inquiries, requested by the superintendent regarding any application.

(b)    A registration certificate shall be revoked:

    (1)    when the firearm becomes an unregisterable firearm; or

    (2)    if the CFP of the person was revoked.

(c)    A CFP shall be revoked if any of the eligibility criteria of this chapter are not currently met.

(d)    A CFP or registration certificate may be denied or revoked for a violation of this chapter, or any rules or regulations promulgated hereunder.

(e)    The CFP and all registration certificates of any person convicted of a felony after the issuance of a CFP or registration certificate to that person shall be automatically revoked by operation of law, without a further hearing.  The person shall immediately dispose of all firearms by:

    (i)    peaceably surrendering to the department all firearms for which a registration certificate was issued;

    (ii)    removing such firearm from the city; or

    (iii)    otherwise lawfully disposing of his interest in such firearm.

The person shall submit to the superintendent evidence of the disposition of any such firearm in accordance with rules and regulations promulgated by the superintendent.

(Added Coun. J. 7-2-10, p. 96234, § 4)

## 8-20-200  Procedure for denial.

(a)    If an application for a CFP or a registration certificate is denied by the superintendent, the superintendent shall notify the person making such application, in writing, of the denial.  The notice of denial shall:

    (1)    set forth the basis of the denial;

    (2)    include a statement that within ten days of the notice of denial, the person is entitled to request a hearing, in person and in writing, at the department of administrative hearings;

    (3)    include a statement that the person is entitled to appear at the hearing to testify, present documents, including affidavits, and any other evidence to contest the denial;

    (4)    include a statement that if the person fails to request a hearing within ten days, the person is deemed to have conceded the validity of the reason stated in the notice and the denial shall become final;

    (5)    include a certificate of service; and

    (6)    include an oath or affirmation by the superintendent certifying the correctness of the facts set forth in the notice of denial.

(b)    The person, within ten days after notice is sent of the denial, may file with the department of

administrative hearings a request for a hearing. Such hearing request shall be made in person, and in writing, at the department of administrative hearings. An administrative law officer of the department of administrative hearings shall conduct such hearing within 72 hours of the request, excluding Saturdays, Sundays, and legal holidays.

(c)     The department of administrative hearings shall conclude the hearing no later than 7 days after the commencement of the hearing.

(d)     Based upon the evidence contained in the record, an administrative law officer of the department of administrative hearings shall, within 5 days of the conclusion of the hearing, issue written findings and enter an order granting or denying the application. A copy of the findings and order shall be served upon the person and all parties appearing or represented at the hearing.

(e)     If the person does not request a hearing within ten days after the notification of the denial is sent, the person shall be deemed to have conceded the validity of the reason stated in the notice and the denial shall become final.

(f)     Within three days after all the time for hearings or appeals has expired, the person shall:

(1)     peaceably surrender to the department the firearm for which the registration certificate was denied;

(2)     remove such firearm from the city; or

(3)     otherwise lawfully dispose of his interest in such firearm.

The person shall submit to the superintendent evidence of the disposition of any such firearm in accordance with rules and regulations promulgated by the superintendent.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-205  Procedure for revocation.

(a)     Except in cases where a CFP or registration certificate is automatically revoked pursuant to section 8-20-190(e), if, in the determination of the superintendent, a CFP or a registration certificate should be revoked, he shall notify the person whose CFP or registration certificate is the subject of such revocation, in writing, of the proposed revocation. The notice shall:

(1)     set forth the basis for the revocation;

(2)     specify the location, date, and time for a hearing on the revocation;

(3)     include a statement that the person is entitled to appear at the hearing to testify, present documents, including affidavits, and any other evidence to contest the proposed revocation;

(4)     include a statement that failure of the person to appear at the hearing may include an entry of an order revoking the person's CFP or registration certificate;

(5)     include a certificate of service; and

(6)    include an oath or affirmation by the superintendent certifying the correctness of the facts set forth in the notice.

(b)    The department of administrative hearings shall convene the hearing at the location and on the date and time specified in the revocation notice.

(c)    Based upon the evidence contained in the record, an administrative law officer of the department of administrative hearings shall, within 5 days of the conclusion of the hearing, issue written findings and enter an order granting or denying the proposed revocation. A copy of the findings and order shall be served upon the person and all parties appearing or represented at the hearing.

(d)    Within three days after notification of a decision unfavorable to the person, and all time for appeals has expired, the person shall:

(1)    for revocation of a registration certificate:

(i)    peaceably surrender to the department the firearm for which the registration certificate was revoked;

(ii)    remove such firearm from the city; or

(iii)    otherwise lawfully dispose of his interest in such firearm.

(2)    for revocation of a CFP, dispose of all firearms in accordance with subsection (d)(1).

The person shall submit to the superintendent evidence of the disposition of any such firearm in accordance with rules and regulations promulgated by the superintendent.

(e)    In cases where a CFP or registration certificate is automatically revoked pursuant to section 8-20-190(e), the superintendent shall notify the person of the automatic revocation of the person's CFP or registration certificate. Within three days after notification of the automatic revocation, the person may file with the department of administrative hearings a request, in writing, for a hearing on the sole issue of identity and whether he was the person so convicted. It shall be a rebuttable presumption that the person whose CFP or registration certificate was automatically revoked is the same person who was convicted of a felony.

An administrative law officer of the department of administrative hearings shall conduct such hearing within 5 days of the request for a hearing.

Based upon the evidence contained in the record, an administrative law officer of the department of hearings shall, within 5 days of the conclusion of the hearing, issue written findings as to sole issue of the identity of the person. A copy of the findings and order shall be served upon the person and all parties appearing or represented at the hearing.

If the person does not request a hearing within three days after the notification, the person shall be deemed to have conceded the validity of the identification.

(Added Coun. J. 7-2-10, p. 96234, § 4)

## 8-20-210 Automatic revocation of registration certificates.

If, after a hearing, a CFP issued to a person is revoked, all firearm registration certificates issued to that person shall automatically be revoked and the person shall comply with section 8-20-205(d) for disposition of the firearms.

(Added Coun. J. 7-2-10, p. 96234, § 4)

---

# ARTICLE IV. MISCELLANEOUS PROVISIONS.

### 8-20-220 False information – Forgery – Alteration.

(a)    It is unlawful for any person purchasing any firearm or ammunition, or applying for any CFP or registration certificate, or, in giving any information pursuant to the requirements of this chapter, to knowingly give false information or offer false information or evidence of identity.

(b)    It is unlawful for any person to forge or materially alter any application for a CFP or firearm registration certificate.

(c)    It is unlawful for any person to forge or materially alter a CFP or a firearm registration certificate.

(d)    It is unlawful for any person to knowingly possess a forged or materially altered CFP or firearm registration certificate.

*(f)    It is unlawful for any person to knowingly make any false statement, submit any false information or misrepresent any information required in this chapter.

(Added Coun. J. 7-2-10, p. 96234, § 4)

* **Editor's note** – As set forth in Coun. J. 7-2-10, p. 96234, § 4. Intended lettering of paragraph is "(e)." Future legislation will correct the section as needed.

### 8-20-230 Notice.

For the purposes of this chapter, service of any notice, finding or decision upon a person shall be completed by any of the following methods by:

(a)    personal delivery of a copy of such notice, finding or decision to the person;

(b)    leaving a copy of such notice, finding or decision at the address identified on the application for a CFP or registration certificate; or

(c)    mailing, by first class mail, a copy of the notice, finding or decision to the address identified on the application for a CFP or registration certificate, in which case service shall be complete as of the date the notice was mailed.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-240 Posting of unsafe handguns.

(a)    The superintendent shall post on the department's web site the roster of unsafe handguns.

(b)    No less than 10 days prior to placing any handgun on the roster of unsafe handguns, the superintendent shall post on the department's web site the type or model of the handgun that will be placed on the roster.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-250 Seizure and forfeiture of firearms, ammunition, laser sight accessories and firearm silencers and mufflers – Authority and destruction.

The superintendent has the authority to seize any firearm, assault weapon, ammunition, laser sight accessories, or firearm silencer or muffler carried or possessed in violation of this chapter or any applicable state or federal law. Such items are hereby declared contraband and shall be seized by and forfeited to the city.

Whenever any firearm, ammunition, laser sight accessories, or firearm silencer or muffler is surrendered or forfeited pursuant to the terms of this chapter, or any applicable state or federal law, the superintendent shall ascertain whether such firearm, ammunition, assault weapon, laser sight accessories, or firearm silencer or muffler is needed as evidence in any matter. All such items which are not required for evidence shall be destroyed at the direction of the superintendent; provided that those firearms and ammunition that the superintendent shall deem to be of use to the department may be retained for the use of the department. A record of the date and method of destruction and an inventory of the firearm or ammunition so destroyed shall be maintained.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-260 Rules and regulations.

The superintendent has the authority to promulgate rules and regulations for the implementation of this chapter and to prescribe all forms and the information required. All rules and regulations promulgated by the superintendent pursuant to this chapter shall be posted on the department's web site.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-270 Acquisition or possession prohibited by law.

Nothing in this chapter shall make lawful the acquisition or possession of firearms or ammunition which is otherwise prohibited by law.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-280 Prohibition on shooting galleries and target ranges.

Shooting galleries, firearm ranges, or any other place where firearms are discharged are prohibited; provided that this provision shall not apply to any governmental agency. The discharge of a firearm in an area where hunting is permitted shall not be a violation of this section.

(Added Coun. J. 7-2-10, p. 96234, § 4)

### 8-20-290 Severability.

If any provision or term of this chapter, or any application thereof, is held invalid, the invalidity shall not affect other applications of the provisions or terms of this chapter which reasonably can be given

effect without the invalid provision or term for the application thereof.

(Added Coun. J. 7-2-10, p. 96234, § 4)

# ARTICLE V. VIOLATION OF CHAPTER PROVISIONS

### 8-20-300 Violation – Penalty.

(a)     Any person who violates section 8-20-020, 8-20-030, 8-20-035, 8-20-060, 8-20-080 or 8-20-110 shall upon conviction be fined not less than $1,000.00 nor more than $5000.00 and be incarcerated for a term not less than 20 days nor more than 90 days.  Each day that such violation exists shall constitute a separate and distinct offense.

(b)     Unless another fine or penalty is specifically provided, any person who violates any provision of this chapter, or any rule or regulation promulgated hereunder, shall upon conviction or a finding of liability for the first offense, be fined not less than $1,000.00, nor more than $5,000.00, or be incarcerated for not less than 20 days nor more than 90 days, or both.  Any subsequent conviction for a violation of this chapter shall be punishable by a fine of not less than $5,000.00 and not more than $10,000.00, and by incarceration for a term of not less than 30 days, nor more than six months.  Each day that such violation exists shall constitute a separate and distinct offense.

(c)     In addition to any other fine or penalty provided in this chapter, the CFP or registration certificate of any person who violates any provision of this chapter, or rule or regulation promulgated hereunder, may be revoked.  Any person whose CFP is revoked shall not be eligible for a CFP for 5 years from the date of the revocation; provided that the superintendent may waive this restriction if, in the determination of the superintendent, the applicant has demonstrated that the applicant has good reason to fear injury to his person or property.

(d)     Upon the determination that a person has violated any provision of this chapter or any rule or regulation promulgated hereunder, the superintendent may institute an administrative adjudication proceeding with the department of administrative hearings by forwarding a copy of a notice of violation or a notice of hearing, which has been properly served, to the department of administrative hearings.

(Added Coun. J. 7-2-10, p. 96234, § 4)

**Disclaimer:**
This Code of Ordinances and/or any other documents that appear on this site may not reflect the most current legislation adopted by the Municipality. American Legal Publishing Corporation provides these documents for informational purposes only. These documents should not be relied upon as the definitive authority for local legislation. Additionally, the formatting and pagination of the posted documents varies from the formatting and pagination of the official copy. The official printed copy of a Code of Ordinances should be consulted prior to any action being taken.

For further information regarding the official version of any of this Code of Ordinances or other documents posted on this site, please contact the Municipality directly or contact American Legal Publishing toll-free at 800-445-5588.

© 2010 American Legal Publishing Corporation
techsupport@amlegal.com
1.800.445.5588.

# EXHIBIT B

# EXHIBIT C



| Richard M. Daley | Department of Police · City of Chicago | Jody P. Weis |
|---|---|---|
| Mayor | 3510 S. Michigan Avenue · Chicago, Illinois 60653 | Superintendent of Police |

Mr. Shawn Gowder
7533 S. Winchester
Chicago, Illinois 60707

November 10, 2010

**DENIED**

Re: Notice of Denial of your Application for a Chicago Firearm Permit

Dear Mr. Gowder,

A review of your application and the records maintained by the Chicago Police Department indicates that you are ineligible to be approved for a Chicago Firearm Permit (CFP). Pursuant to Chapter 8-20-190 of the Municipal Code of Chicago, your application for a CFP is denied for the following reason:

> You have been convicted by a court in any jurisdiction of an unlawful use of a weapon that is a firearm. See Municipal Code of Chicago 8-20-110 (b) (3) (iii).

Pursuant to Municipal Code of Chicago 8-20-200, **within ten (10) days of this Notice of Denial, you are entitled to request a hearing, in person *and* in writing, at the Department of Administrative Hearings.** The Department of Administrative Hearings is located at the following address:

> Department of Administrative Hearings
> Municipal Hearings Division
> 740 N Sedgwick, 2nd Floor
> Chicago, Il 60610

You are entitled to appear at the hearing to testify, present documents, including affidavits, and any other evidence to contest this denial. If you fail to request a hearing within ten (10) days, you will be deemed to have conceded the validity of the reason for the denial stated above and the denial shall become final.

I hereby affirm, under penalties as provided by law, that the information contained herein is correct to the best of my knowledge, information and belief.

*Sgt. Jeffrey Schaaf #2274*
Sgt. Jeffrey Schaaf #2274
Gun Registration Section
Chicago Police Department

**EXHIBIT**
Grp 4

## Certificate of Service

The undersigned, under penalties as provided by law, hereby certifies that this Notice of Denial was served upon the person to whom directed, by placing the Notice in an envelope, addressed as shown above and depositing it into the US mail located at CPD Headquarters at or before 5:00 pm on the 10th of November 2010, using prepaid certified mail postage.

Sgt. Jeffrey Schaaf #2274
Gun Registration Section
Chicago Police Department

# EXHIBIT D

¡OGR000041

22 Nov 2010

I ('SHAWN GOWDER) AM REQYESTING
A HEARING REGARDING MY
DENIAL OF APPLICATION FOR A
CHICAGO FIREARMS PERMIT.
Phone # 773 757-9799

Shawn D Gowder
7533 S Winchester
Chicago IL 60620







*100R000041*

City of Chicago
Richard M. Daley, Mayor

Department of
Administrative Hearings

Scott V. Bruner
Director

Administrative Offices
6th Floor
740 North Sedgwick Street
Chicago, Illinois 60610
(312) 742-8200
(312) 742-8222 (FAX)
(312) 742-8249 (TTY)
http://www.cityofchicago.org

November 22, 2010

Mr. Shawn Gowder
7533 S. Winchester
Chicago, IL 60620

## NOTICE OF HEARING

Please be advised that you have been scheduled for an administrative hearing pursuant to your request for hearing under 8-20-200 of the Municipal Code of Chicago. This hearing is based upon the denial of a Chicago Firearm Permit by City of Chicago, Department of Police. The denial of Firearm Permit specifies

1) You have been convicted by a court in any jurisdiction of an unlawful use of a weapon that is a firearm. See MCC 8-20-110 (b) (3) (iii).

**You are hereby noticed to appear for hearing on Wednesday, November 24, 2010 at 2:00 p.m., 400 W. Superior, Room 111, Chicago, Illinois.** Please take notice that at the hearing you may be represented by counsel and you may produce witnesses and evidence on your behalf. Your failure to appear may result in an order of default being entered against you.

Should you have any questions, you may call me at (312) 742-8350.

Sincerely,

Michele McSwain
Division Chief
Municipal Hearings Division

## PROOF OF SERVICE BY PERSONAL SERVICE

I, Michele McSwain, at attorney, certify that I served a copy of the above Notice of Hearing by personally serving it to Shawn Gowder at 740 N. Sedgwick, 2nd floor, Chicago, IL, 60654 on November 22, 2010 at 11:00 a.m.



EXHIBIT

2



Docket # 10GR000041
Re: Shawn Gowder

I hereby affirm under penalties as provided by law that the information contained herein is correct to the best of my information and belief; was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with personal knowledge of those matters; was kept in the course of the regularly conducted activity; and was made by the regular conducted activity as a regular practice of the Chicago Police Department.

By: _Sgt J Schaaf 2274_

Sgt. Jeffrey Schaaf#2274
Gun Registration Section

EXHIBIT
3

# EXHIBIT E

THE CITY OF CHICAGO, ILLINOS
DEPARTMENT OF ADMINISTRATIVE HEARINGS
MUNICIPAL HEARINGS DIVISION

CITY OF CHICAGO, a Municipal )
Corporation, )
               Petitioner )
                     )
   v.                )      Docket No. 10 GR 00041
                     )
SHAWN GOWDER, )
            Respondent )

## DECISION

1.    This body has jurisdiction of the subject matter and over the parties.

2.    This matter is before this body on an Appeal of the Denial of a Chicago Firearm Permit to Shawn Gowder ("the Applicant") by the Chicago Police Department, City of Chicago (the "Police Department")

3.    The Applicant filed an application for a Chicago Firearm Permit ("CFP") with the Police Department. See Petitioner's Group Exhibit 5

4.    By notice dated November 10, 2010, the Police Department advised the Applicant that he was ineligible to be approved for a CFP, and thus his application for a permit was denied. See Petitioner's Group Exhibit 4

5. The Police Department based its denial on the provisions found in MCC 8-20-110 (b) (3) (iii) which provides, in part that:

> *(a)*. . . it is unlawful for any person to carry or possess a firearm without a CFP
> (b) No CFP application shall be approved unless the applicant:
>    (3) has not been convicted by a court in any jurisdiction of:
>       (iii) an unlawful use of a weapon that is a firearm...

5. The Applicant had been convicted on August 25, 1995 in Cook County Circuit Court on an *unlawful use of a weapon* in violation of 720 ILCS 5/24-1(a)(10) . See Petition r's Group Exhibits 6, 7, 8 and 9.

6. 720 ILCS 5/24-1(a) (10) provides as follows:

(a) A person commits the offense of unlawful use of a weapon when he knowingly:...

(10) Carries or possesses on or about his person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his land or in his abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm...

7. The provisions of 720 ILCS 5/24-1(a)(10) is clear as to what constitutes an unlawful use of a weapon.

8. The plain and ordinary meaning and usage given to "unlawful use of a weapon" in this jurisdiction is to "carry or possess a firearm" as provided in 720 ILCS 5/24-1(a) (10)

9. There is no distinction between the meanings of "use of a weapon" and "carry and possess a firearm, as used in MCC 8-20-110

10. The basis for the denial of the application has not been rebutted by the Applicant

11. The denial by the Chicago Police Department of the Applicant s application for a CFP is affirmed.

12. This body does not have jurisdiction to hear Constitutional issues as raised by the Applicant.

13. Pursuant to Section 2-14-102 of the Chicago Municipal Code, this final decision is subject to review under the Illinois Administrative Review Act.


Entered:

Sharon K. Davis
Administrative Law Judge
November 9, 2010

# EXHIBIT F

## Kolodziej, Stephen

| | |
|---|---|
| **From:** | McSwain, Michele [michele.mcswain@cityofchicago.org] |
| **Sent:** | Friday, December 17, 2010 9:16 AM |
| **To:** | Sachnoff, Scott; Kolodziej, Stephen |
| **Cc:** | Nichols, Helen |
| **Subject:** | RE: City of Chicago v. Gowder, 10 GR 000041 |

I directed the ALJ to re-issue the order last night after Mr. Kolodziej brought this to my attention. As soon as I get it, I will send you copies.

Michele McSwain
Senior Administrative Law Judge/Division Chief
City of Chicago, Department of Administrative Hearings
740 N. Sedgwick, 2nd Floor
Chicago, IL 60654
(312) 742-8350 Office
(312) 742-8248 Fax

---

**From:** Sachnoff, Scott
**Sent:** Friday, December 17, 2010 9:13 AM
**To:** Kolodziej, Stephen
**Cc:** McSwain, Michele; Nichols, Helen
**Subject:** RE: City of Chicago v. Gowder, 10 GR 000041

Mr. Kolodziej,

I, too, have not received a copy of any decision in the Gowder case as of today, Friday, 12/17/10.

I have copied Michele McSwain, who is Senior Hearing Officer in charge of these types of matters for the Department of Administrative Hearings, as well as her administrative assistant, Helen Nichols, on this response for her review and comment.

Scott Sachnoff
Senior Counsel
Municipal Prosecutions Division
City of Chicago Law Department
740 N. Sedgwick Street First Floor
Chicago, IL 60654
312.742.1393 Voice
312. 742.8420 FAX
ssachnoff@cityofchicago.org

---

**From:** Kolodziej, Stephen [mailto:skolodziej@brennerlawfirm.com]
**Sent:** Thursday, December 16, 2010 4:17 PM
**To:** Sachnoff, Scott
**Subject:** City of Chicago v. Gowder, 10 GR 000041

Dear Mr. Sachnoff:

Mr. Gowder advised me that he received by mail today the hearing officer's decision in this matter. I myself have not received a copy from the Department of Administrative Hearings, and the decision does not contain a proof of service or any other indication that it was served on either me or you. In any event, the decision is

1

dated November 9, 2010, which is obviously incorrect since the hearing did not occur until December 8, 2010. I believe the decision must be re-issued by the hearing officer to reflect a correct date, as this obviously affects the time for seeking review under the Administrative Review Act.

Please call me with your thoughts as soon as possible.

Thank you,

Steve

Stephen A. Kolodziej
Brenner, Ford, Monroe & Scott, Ltd.
33 North Dearborn Street
Suite 300
Chicago, Illinois 60602
312-781-1970
Direct Dial 312-924-7508

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

# EXHIBIT G

THE CITY OF CHICAGO, ILLINOS
DEPARTMENT OF ADMINISTRATIVE HEARINGS
MUNICIPAL HEARINGS DIVISION

CITY OF CHICAGO, a Municipal ) <br>
Corporation, ) <br>
            **Petitioner** ) <br>
             )      **Docket No. 10 GR 000041** <br>
      v. ) <br>
             ) <br>
**SHAWN GOWDER,** ) <br>
        **Respondent** )

## DECISION

1.   This body has jurisdiction of the subject matter and over the parties.

2.   This matter is before this body on an Appeal of the Denial of a Chicago Firearm Permit to Shawn Gowder ("the Applicant") by the Chicago Police Department, City of Chicago (the "Police Department")

3.   The Applicant filed an application for a Chicago Firearm Permit ("CFP") with the Police Department. See Petitioner's Group Exhibit 5

4.   By notice dated November 10, 2010, the Police Department advised the Applicant that he was ineligible to be approved for a CFP, and thus his application for a permit was denied. See Petitioner's Group Exhibit 4

5. The Police Department based its denial on the provisions found in MCC 8-20-110 (b) (3) (iii) which provides, in part that:

> *(a))... it is unlawful for any person to carry or possess a firearm without a CFP.*
> **(b) No CFP application shall be approved unless the applicant:**
>    **(3) has not been convicted by a court in any jurisdiction of:**
>       **(iii) an unlawful use of a weapon that is a firearm...**

5.   The Applicant had been convicted on August 25, 1995 in Cook County Circuit Court of an *unlawful use of a weapon* in violation of 720 ILCS 5/24-1(a)(10) . See Petitioner's Group Exhibits 6, 7, 8 and 9.

6.   720 ILCS 5/24-1(a) (10) provides as follows:

**(a) A person commits the offense of unlawful use of a weapon when he knowingly:...**

**(10)Carries or possesses on or about his person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his land or in his abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm...**

7.   The provisions of 720 ILCS 5/24-1(a)(10) is clear as to what constitutes an unlawful use of a weapon.

8.   The plain and ordinary meaning and usage given to "unlawful use of a weapon" in this jurisdiction is to "carry or possess a firearm" as provided in 720 ILCS 5/24-1(a) (10)

9.   There is no distinction between the meanings of "use of a weapon" and "carry and possess a firearm, as used in  MCC 8-20-110

10.  The basis for the denial of the application has not been rebutted by the Applicant

11.  The denial by the Chicago Police Department of the Applicant's application for a CFP is affirmed.

12.  This body does not have jurisdiction to hear Constitutional issues as raised by the Applicant.

13.  Pursuant to Section 2-14-102 of the Chicago Municipal Code, this final decision is subject to review under the Illinois Administrative Review Act.


Entered:     _Sharon K. Davis_

Sharon K. Davis
Administrative Law Judge

12/8/10

# EXHIBIT H

